IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAHNAZ KHAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-3210 |
| | § | |
| WELLS FARGO BANK, NA, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This mortgage foreclosure case is before the Court on the Motion for Reconsideration ("Reconsideration Motion") [Doc. # 34] filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The Court issued a Memorandum and Order [Doc. # 33] on October 21, 2016, denying sanctions against Vy Nguyen ("Nguyen"), counsel for Plaintiff Shahnaz Khan ("Khan"), sought by Wells Fargo pursuant to Federal Rule of Civil Procedure 11 ("Sanctions Motion") [Doc. # 9].[1] Nguyen has responded to the Reconsideration Motion [Doc. # 36], and Wells Fargo has replied [Doc. # 37]. The Reconsideration Motion is ripe for decision.

---

[1] In the Memorandum and Order [Doc. # 33], the Court denied Wells Fargo's Sanctions Motion [Doc. # 9] because the Court erroneously believed Wells Fargo had not given Nguyen pre-filing notice of the Sanctions Motion, as required under Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(c)(2). Wells Fargo correctly pointed out in its Reconsideration Motion [Doc. # 34] that it had, in fact, given the mandated notice.

After carefully considering the parties' briefing on the Reconsideration and the Sanctions Motions, all matters of record, and the applicable legal authorities, the Court hereby **grants** the Reconsideration Motion, **vacates** the October 21, 2016 Memorandum and Order, and incorporates the results of its new analysis in this Memorandum and Order.

I.    BACKGROUND

Plaintiff Khan resides at 1907 Ray Shell, Taylor Lake Village, Harris County, Texas 77586 (the "Property"). She is the mortgagor of the Property and Wells Fargo is the successor mortgagee. Khan has, in connection with the mortgage at issue, initiated a total of four lawsuits and six bankruptcy proceedings. Nguyen represented Khan in the two most recent lawsuits and in all but the first bankruptcy proceeding.[2] This action was Khan's fourth lawsuit against Wells Fargo to delay foreclosure on the Property.

---

[2]    Khan first filed for bankruptcy on July 15, 2008. The first bankruptcy, with which Nguyen was not involved, preceded any litigation and closed with a discharge of Khan's debts. Nguyen represented Khan in the five bankruptcy cases that followed: the bankruptcy case filed on December 16, 2013 (the "Second Bankruptcy"), dismissed on January 2, 2014; one filed on January 14, 2014 (the "Third Bankruptcy"), dismissed on January 30, 2014; one filed on April 8, 2014 (the "Fourth Bankruptcy"), dismissed on June 2, 2014; a bankruptcy filed on November 2, 2015 (the "Fifth Bankruptcy"), dismissed on December 21, 2015; and, last, the bankruptcy filed on January 4, 2016 (the "Sixth Bankruptcy"), which was dismissed on June 30, 2016. Nguyen commenced the Second and Third Bankruptcies during the Third Lawsuit. As described below, she filed the Fifth and Sixth Bankruptcies during the Fourth Lawsuit—forcing, in each case, the
(continued…)

On August 31, 2012, Khan, represented by Andrew Bayley, filed a lawsuit in Texas state court seeking a declaratory judgment and temporary restraining order against Wells Fargo to prevent foreclosure on the Property (the "First Lawsuit").[3]  Khan sued under the theory that Wells Fargo was not the proper mortgagee, but Wells Fargo showed that it had acquired the mortgage through a merger.  The parties agreed that Khan would non-suit her claims with prejudice and would retain the money she had posted as bond for the requested temporary restraining order.  Wells Fargo agreed to review her mortgage to determine if Khan was eligible for loan modification.  The First Lawsuit was dismissed with prejudice on September 27, 2012.

In August 2013, Khan, represented by James M. Anderson, filed a lawsuit against Wells Fargo in Texas state court (the "Second Lawsuit"), again seeking a temporary restraining order against Wells Fargo.  Wells Fargo removed to federal

---

(continued…)
court to stay the lawsuit pending resolution of the bankruptcy proceedings.  All bankruptcy proceedings Nguyen initiated for Khan were dismissed for failure to comply with applicable document filings.  *See infra* pages 4-7.

Nguyen initially represented Khan with respect to the Sixth Bankruptcy proceeding but was, on Khan's motion, replaced by another attorney on April 14, 2016.  *See infra* note 7.

[3]   Wells Fargo subsequently removed the First Lawsuit to a federal district court.

court on August 9, 2013.  The Second Lawsuit was dismissed without prejudice on August 19, 2013.

On October 30, 2013, Khan, represented by Nguyen, filed a lawsuit against Wells Fargo in Texas state court (the "Third Lawsuit").  In her petition, Khan stated that she "only wishes to have proof of standing and ownership" from Wells Fargo over the mortgage.  Khan, through counsel Nguyen, acknowledged in the petition in the Third Lawsuit that the First Lawsuit was non-suited with prejudice.  The Third Lawsuit was stayed because Khan, represented by Nguyen, twice filed for bankruptcy.  Following dismissal of each bankruptcy case, the Third Lawsuit was reactivated.  On April 2, 2015, the state court granted summary judgment, and dismissed the Third Lawsuit with prejudice.  The court denied Wells Fargo's motion for sanctions against Nguyen because the court found an absence of evidence to support a finding of bad faith.

On October 30, 2015, Khan, again represented by Nguyen, filed the action in this Court (the "Fourth Lawsuit").  Khan again sought "proof of standing and ownership" from Wells Fargo in its capacity as mortgagee.  The causes of action were identical to those dismissed with prejudice in the Third Lawsuit.  Khan also named as defendants Gary Bradley, the loan Trustee, and Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"), the debt collector's law firm.

Barrett Daffin and Wells Fargo moved to dismiss this lawsuit for failure to

4

state a claim on, respectively, November 23 and 24, 2015. Wells Fargo cited res judicata as a ground for the dismissal.[4] On December 16, 2015, Khan informed the Court in her response to the motions that she, represented by Nguyen, had filed what was Khan's Fifth Bankruptcy weeks earlier.[5]

On December 14, 2015, one week before the Fifth Bankruptcy was dismissed, Wells Fargo sent Nguyen a copy of the Sanctions Motion demanding $3,734.70, or such other amount the Court deems appropriate, in attorney's fees, other reasonable and necessary expenses, and such other and further relief to which it may be entitled. *See* Sanctions Motion [Doc. # 9]. In an accompanying letter, Wells Fargo advised Nguyen that it would file the Sanctions Motion with the Court on January 4, 2016, if Khan, through Nguyen, did not dismiss the Fourth Lawsuit with prejudice. *See* Letter from Kurt Lance Krolikowski to Vy Nguyen, dated December 14, 2015, Exh. B to Reconsideration Motion [Doc. # 34-2]. Rather than dismiss the Fourth Lawsuit on January 4, 2016, Khan, through Nguyen, filed the Sixth Bankruptcy without notice to the Court or, apparently, to Wells Fargo. Wells Fargo filed the Sanctions Motion that day.

---

[4] Both Wells Fargo and Barrett Daffin subsequently also challenged the Court's subject matter jurisdiction, but did not move to dismiss on this basis. *See* Barrett Daffin Advisory [Doc. # 8] and Wells Fargo Advisory [Doc. # 11]. Khan never served Bradley with process in this suit.

[5] *See supra* note 2.

On January 25, 2016, the day of the scheduled initial pretrial conference, Khan filed a notice informing the Court of the Sixth Bankruptcy [Doc. # 14]. Nguyen failed to appear for the January 25 conference and had to be reached telephonically by the Court. The Court warned Nguyen that, though it would stay the Sanctions Motion pending resolution of the Sixth Bankruptcy, Nguyen's actions in connection with the case—namely, filing frivolous pleadings and pleadings without legal substance—were problematic, and potentially exposed her personally to sanctions. Further, in reference to the First and Third Lawsuits—the latter of which rested on identical causes of action to those in the Fourth Lawsuit— the Court pointed out that Nguyen was on notice of existing res judicata issues arising from the dismissals of the First and Third Lawsuits. The Court instructed Nguyen that she would have to respond substantively to the Sanctions Motion within fourteen days of the Sixth Bankruptcy's resolution.[6]

The Sixth Bankruptcy was dismissed on June 30, 2016, after Khan filed an

---

[6] During the January 25 conference, Nguyen informed the Court that the multiple bankruptcy proceedings had each failed due to "scheduling issues," but that she and her client intended to bring the Sixth Bankruptcy to completion. *See* Transcript of January 25 Conference, Exh. C to Wells Fargo's Motion to Reinstate, [Doc. # 23-3], at 5:2-11. Nguyen did not address the issue of res judicata during the January 25 conference.

inadequate plan (the "Plan").[7] The Bankruptcy Court explained:

> The instant case is Debtor's fifth Chapter 13 case in three years. Each of the previous cases was dismissed based on Debtor's failure to comply with applicable filing requirements. The delay to creditors occasioned by Debtor's multiple filings has enabled her to continue to own a luxury home without paying the mortgage. The court concludes that the instant case should be dismissed.

*In re Khan*, No. 16-30033-H3-13, at 4-5 (Bankr. S.D. Tex. June 30, 2016).

On May 26, 2016, more than five months after Wells Fargo served Nguyen with a copy of the Sanctions Motion, Nguyen moved to dismiss with prejudice all of Khan's claims against Wells Fargo [Doc. # 22].[8] On July 21, 2016, the Court reactivated this action and granted the motion to dismiss [Docs. # 24, # 26]. The

---

[7] Nguyen commenced the Sixth Bankruptcy on Khan's behalf on January 4, 2016. It is unclear whether Nguyen counseled Khan with respect to the Plan ultimately rejected as deficient; Nguyen was not Khan's attorney at the time the Plan was filed with the Bankruptcy Court. Khan moved on March 21, 2016, to substitute another lawyer for attorney Nguyen in the Sixth Bankruptcy. The Bankruptcy Court granted the request on April 14, 2016. (On June 3, 2016, the substituting attorney moved to withdraw, citing irreconcilable differences with Khan as to conduct of the Sixth Bankruptcy). The amended Chapter 13 Plan was submitted to the Bankruptcy Court on March 28, 2016. Nonetheless, this Court agrees with the Bankruptcy Court that the Sixth Bankruptcy is part of an established pattern that Nguyen shepherded through the legal system, at least starting in 2013.

[8] On February 23, 2016, while the Fourth Lawsuit was stayed and the Sixth Bankruptcy was pending, Nguyen had moved to dismiss with prejudice all of Khan's claims against Barrett Daffin [Doc. # 19]. The motion was granted after dismissal of Khan's Sixth Bankruptcy. *See* Doc. # 25.

The Court also dismissed without prejudice the claims against Defendant Gary Bradley [Doc. # 27] because Khan had presented no evidence of service and no indicated intent to pursue these purported claims.

Court ordered Nguyen to respond to the Sanctions Motion on or before August 4, 2016 [Doc. # 24]. Nguyen failed to meet this deadline. After Wells Fargo pointed out that Nguyen had not filed an opposition to the Sanctions Motion [Doc. # 28], Nguyen requested an extension of time to file a response [Doc. # 29]. She responded on August 10, 2016 [Doc. # 31].

## II. DISCUSSION

Courts may impose sanctions on parties or individuals pursuant to various Federal Rules of Civil Procedure, statutes, and legal doctrines. *See, e.g.*, FED. R. CIV. P. 11, 26(g), 37; 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 n.8 (1991) (providing examples). Wells Fargo relies solely on Federal Rule of Civil Procedure 11.

> Federal Rule of Civil Procedure 11(b) provides:
>
> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it— an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The purpose of Rule 11 is to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).[9] If a party intends to seek sanctions under Rule 11, the party must grant the alleged offender a "safe harbor" by serving the motion on the offending party at least 21 days before filing with or otherwise presenting the motion to the court. FED. R. CIV. P. 11(c)(2). After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. See FED. R. CIV. P. 11(c)(1). The Court may consider Rule 11 sanctions in a case after a judgment on the merits. *See Cooter & Gell*, 496 U.S. at 395; *see also Ratliff v. Stewart*, 508 F.3d 225, 231 (5th Cir. 2007); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1172 (5th Cir. 1988) (noting that courts retain authority to award sanctions, despite the lack of subject matter jurisdiction over a case). Thus, the Court's dismissal of Plaintiff Khan's claims against Wells Fargo with prejudice does not preclude issuance of sanctions.

---

[9] *Cooter* was superseded in part by the 1993 Amendments to Federal Rule of Civil Procedure 11(c). The Rule change is not relevant to the proposition for which the case is cited.

9

After providing Nguyen the Rule 11 "safe harbor" period, Wells Fargo filed the Sanctions Motion [Doc. # 9]. Wells Fargo argues that Nguyen violated Rule 11 by filing the Fourth Lawsuit, in which she assisted Khan to assert claims Nguyen knew previously had been dismissed with prejudice in the First and Third Lawsuits. Nguyen responds that she did not violate "the Federal Rules of Civil Procedure" because: Khan's complaint filed in the First Lawsuit was not groundless; Khan's attorney in the First Lawsuit did not explain the significance of a non-suit with prejudice to Khan; Khan was unaware that her attorney had filed a non-suit with prejudice; and counsel for Wells Fargo bullied Khan's attorneys, including Nguyen.[10]

Nguyen's arguments are meritless. In filing the Fourth Lawsuit, Nguyen ignored two prior dismissals with prejudice of the very claims asserted in this case. The doctrine of res judicata precludes multiple lawsuits on the same causes of action. *See United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007). Under the doctrine, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Id.* at 326 (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). The Fifth Circuit determines whether two suits involve the same claim or cause of action by applying the transactional

---

[10] *See generally* Vy Nguyen Response to Defendant's Motion for Sanctions [Doc. # 31].

test of the Restatement (Second) of Judgments, § 24, which turns on "whether the two cases under consideration are based on 'the same nucleus of operative facts." *Id.* at 326 (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)). Independent of any argument Nguyen may assert regarding the effect of the non-suit with prejudice of the First Lawsuit, it is undisputed that Nguyen was counsel in the Third Lawsuit, which was dismissed with prejudice on April 2, 2015, just months before Nguyen filed the Fourth Lawsuit, and which created a final judgment with respect to the claims presented in the Fourth Lawsuit. Moreover, the Petition in the Third Lawsuit alleged that the First Lawsuit had also been dismissed with prejudice. Nguyen, who filed both the Third and Fourth Lawsuits, knew or should have known the basic legal tenets of res judicata. Nevertheless, she ignored the dismissal of the Third Lawsuit.

Nguyen also has delayed resolution of the issues regarding foreclosure on the deed of trust on the Property by repeatedly filing bankruptcies on behalf of Khan without completing the reorganization or discharge process. Together with her disregard of res judicata, this course of conduct suggests an egregious pattern of harassment and purposeful unwarranted delay. *See Hall v. Chase Home Fin., LLC*, No. A–10–CA–206–SS, 2010 WL 2732404, at *1 (W.D. Tex. July 8, 2010) (imposing sanctions on plaintiff under Federal Rule of Civil Procedure 11 because filing of the case, which was barred by res judicata, "is clearly intended to harass

the opposing parties and delay the inevitable foreclosure of property in question.") There simply was no excuse for Nguyen's pursuit of Khan's duplicative and barred causes of action. Nguyen's conduct violated Federal Rule of Civil Procedure 11 and merits the sanctions sought by Wells Fargo.

At the time Wells Fargo filed its Sanctions Motion [Doc. # 9], it had incurred attorney's fees in the amount of approximately $3,734.70 in defending itself against Plaintiff Khan's claims asserted in this case. Pursuant to Federal Rule of Civil Procedure 11, the Court sanctions Nguyen in that amount. The Court also requires Nguyen to complete 30 hours of continuing legal education to include coursework covering federal procedure and bankruptcy.[11]

### III. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Wells Fargo's Motion for Reconsideration [Doc. # 34] is **GRANTED**. It is further

**ORDERED** that Defendant Wells Fargo's Motion for Sanctions [Doc. # 9] is **GRANTED**. It is further

---

[11] Although Wells Fargo did not seek sanctions on any ground other than Rule 11, the Court notes that 28 U.S.C. § 1927 also would support the sanctions requested. *See Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 180-81 (5th Cir. 2007) ("Section 1927 requires 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002))).

**ORDERED** that Wells Fargo is awarded attorneys' fees and costs against Vy Nguyen in the total amount of $3,734.70, which must be paid within thirty (30) days of the entry of this Memorandum and Order. It is further

**ORDERED** that Vy Nguyen must complete within one year of entry of this Memorandum and Order 30 hours of continuing legal education focused on federal civil procedure and bankruptcy.

SIGNED at Houston, Texas, this 13th day of **February, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE